UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ADRIAN HERRERA-PERALTA,             :
                                    :
        Petitioner,                 :   Civ. No. 20-8958 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN DAVID ORTIZ,                 :
                                    :
        Respondent.                 :
_____:

APPEARANCES:

Adrian Herrera-Peralta
69439-066
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    *Petitioner Pro se*

Rachael A. Honig, Acting United States Attorney
Jane Dattilo, Assistant United States Attorney
United States Attorney's Office for the District of NJ
970 Broad Street
7th Floor
Newark, NJ 08101

    *Counsel for Respondent*

HILLMAN, District Judge

    Petitioner Adrian Herrera-Peralta filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the disciplinary sanctions against him for possession of a hazardous tool: a cell phone.  ECF No. 1.  Respondent Warden Ortiz opposes

the petition.  ECF No. 9.  For the reasons that follow, the Court will deny the petition.[1]

I. BACKGROUND

"On the morning of July 10, 2019, BOP staff captured an image of Herrera-Peralta on a body scanner that showed a foreign object in his rectum."  ECF No. 9 at 7.  Petitioner was placed into a Dry Cell for observation.[2]  According to the incident report, "around 10:40 AM I Dry Cell officer J. Guerrero witnessed Inmate Herrera-Peralta Adrian Reg# 69438-066 [have] a bowel movement in West Dry cell and provided a 3" H Star cell phone device. . . . SIS took pictures of the device and confiscated the device for further investigation."  ECF No. 9-1 at 15.  Petitioner "was advised of his rights and a copy of this report was given to him.  Inmate did not request any witnesses at this time.  Herrera-Peralta, Adrian stated 'I have no comment.'"  Id. at 16.  The incident was referred to a Disciplinary Hearing Officer ("DHO") "[d]ue to the seriousness of the offense and repetitive behavior" of Petitioner.  Id.

---

[1] Petitioner also moves for his reply to be considered timely filed.  ECF No. 10.  The Court will grant this motion and consider the reply as filed within time.

[2] "The Dry Cell is a cell in the Health Services building where an inmate is monitored continuously by a staff member after he is suspected of concealing contraband inside his person." Declaration of Patrick Delaney ("Delaney Dec."), ECF No. 9-2 ¶ 4.

(emphasis in original). Petitioner was charged with prohibited action 108, possession of a hazardous tool, which includes "a portable telephone, pager, or other electronic device." 28 C.F.R. § 541.3.

DHO Patrick Delaney conducted a hearing on July 23, 2019. ECF No. 1-3 at 8. According to DHO Delaney's report, Petitioner "did not request a staff representative, nor did he request witnesses provide testimony on his behalf during his hearing. He did not submit any documentary evidence for review by the DBO." Id. The report documents Petitioner as denying the allegations, stating "'That is not true; they didn't find a phone on me, I wanted to point out that Tuesday is the wrong day but correct date of 7-10-19 on incident report. I have no other comment." Id.

DHO Delaney concluded that Petitioner had committed the prohibited act based on Officer Guerrero's written statement, the photograph of the phone, and a "Secure Pass image of [Petitioner] prior to being placed on Dry Cell with a foreign object in [his] rectum." Id. at 10. The report also stated that "[t]he DHO considered your statement, and denial of committing the prohibited act described in Section 11, however feels you and your witnesses are providing the DHO with some inaccurate information. The DHO feels you are providing the DHO with inaccurate information in order to not accept full

3

responsibility for your actions." Id. DHO Delaney sanctioned Petitioner with the loss of 41 days of good conduct time, loss of privileges for 365 days, and a $250 fine. Id.

Petitioner appealed the disciplinary sanctions. Id. at 13. He argued there was an inconsistency within the DHO's findings about whether he requested witnesses. "In Section III(B) of the DHO Report it is stated that Herrera-Peralta 'did not request witnesses.' . . . However, later in Section V, (line 27), the DHO claims: 'your witnesses are providing the DHO with some inaccurate information.'" Id. "If the DHO's findings are based on inaccurate witness testimony – and no witnesses are officially documented, this causes a discrepancy." Id. He also claimed that the description of the contraband differed from the cell phone photographed and the date of the incident was wrong. Id. "The alleged incident occurred on July 9th, 2019. Officer Guerrero incorrectly reports July 10th, 2019. The correctly reported weekday, 'Tuesday' is correct, but a review of the date shows that July 9th fell on the Tuesday, not the 10th as reported." Id. (emphasis in original).

The BOP Regional Director denied Petitioner's appeal. Id. at 6. "The DHO reasonably determined you committed the prohibited act based on the following. On July 10, 2019, you provided the reporting officer a cell phone which you had concealed in your rectum. In addition to the written report,

4

the DHO relied upon photographic evidence to support the finding." Id. Petitioner appealed this finding to the BOP General Counsel:

> The Regional Director is insistent that the date of the incident occurred on July 10, 2019. But the date of the incident was July 9, 2019. The photographic evidence is of an item different in size to the item photographed. The Regional Director also fails to acknowledge the DHO's inconsistent statement about witnesses - if there were no witnesses, what 'inaccurate information' was provided on which the DHO based their decision.

Id. at 4 (emphasis in original). The General Counsel's office denied the appeal:

> Section 11 of the incident report does state Tuesday; however, the correct date and time is consistent throughout the entire document as well as all supporting documents. It is evident, the reporting officer annotated the wrong day due to an administrative oversight. You are advised a typographical error of this nature does not change the facts or render the DHO's decision invalid.

Id. at 1. Petitioner subsequently filed this § 2241 petition.

II. STANDARD OF REVIEW

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); see also Muhammad v. Close, 540 U.S. 749 (2004). A prisoner challenging a disciplinary action resulting in the loss of good time credits may bring such claims under § 2241, "as the action

5

could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (per curiam).

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

III. DISCUSSION

"Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct. When such a statutorily created right exists, a prisoner has a constitutionally protected liberty interest in good time credit." Denny v. Schultz, 708 F.3d 140, 143-44 (3d Cir. 2013) (internal citations and quotation marks omitted). In assessing whether disciplinary proceedings complied with the Due Process Clause, the Court considers the factors enumerated by the Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974). In addition to a hearing

before an unbiased factfinder, inmates must receive "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67). When a procedural error is alleged in the context of a prison disciplinary proceeding, the Third Circuit Court of Appeals has held that "[i]n the absence of a showing of prejudice," the outcome of the proceeding should not be overturned. Griffin v. Warden, 640 F. App'x 181, 184 (3d Cir. 2016) (per curiam).

A. Impartial Factfinder

Petitioner argues DHO Delaney was biased because he only showed photographs of the cell phone at the hearing and his report contains contradictory information about the presence of witnesses. "The DHO officer Delaney's arbitrary and capriciously false and misleading statements as to the cell phone which was never provided to the Petitioner and the inaccurate testimony by witnesses that were never permitted to be called shows the bias of an impartial fact-finder." ECF No. 1-5 at 4. "'[T]he requirement of an impartial tribunal prohibits only those officials who have a direct personal or

7

otherwise substantial involvement, such as major participation in a judgmental or decision-making role, in the circumstances underlying the charge.'" Speight v. Minor, 245 F. App'x 213, 217 (3d Cir. 2007) (per curiam) (quoting Meyers v. Aldredge, 492 F.2d 296, 306 (3d Cir. 1974)) (alteration in original). There is no evidence that DHO Delaney had any involvement in the circumstances underlying the charge. Petitioner's "generalized allegation of bias" based on DHO Delaney's decisions is not enough to show a denial of due process. Alfred v. Ortiz, No. 16-2723, 2017 WL 4167458, at *3 (D.N.J. Sept. 20, 2017). See also Moles v. Holt, 221 F. App'x 92, 95 (3d Cir. 2007) (holding that "hostility towards the defense" and "undue deference towards [officer's] incident report . . . fall short of evidencing the sort of egregious behavior that constitutes a due process violation").

B.  Failure to Allow Witness Testimony

Petitioner further argues he was denied the ability to call witnesses at his hearing.[3] Specifically, Petitioner states he wanted to present a witness, Guapi Gonzalo Vallencilla, who

---

[3] Petitioner also references the ability to present documentary evidence, which the Court presumes refers to Mr. Vallencilla's affidavit since no other documentary evidence is referenced. However, Mr. Vallencilla's affidavit is dated June 30, 2020, so it did not exist at the time of the hearing. The Court will consider Petitioner's arguments in the context of his allegation that Mr. Vallencilla was not permitted to testify in person.

8

would have been able to testify that he "was sharing a cell with Adrian Herrera Peralta on July 10, 2020 in which the alleged incident occurred. There was no incident on July 10, 2020."[4] ECF No. 1-1. Petitioner also points to the discrepancy in DHO Delaney's statement of reasons: "In Section III(B) of the DHO Report it is stated that Herrera-Peralta 'did not request witnesses.' . . . However, later in Section V, (line 27), the DHO claims: 'your witnesses are providing the DHO with some inaccurate information.'" ECF No. 1-3 at 13.

In his declaration, DHO Delaney states that "all of the records including the Lieutenant's investigative documents, the Notice of Rights Before the DHO, and the DHO report reveal Petitioner did not request a witness." Delaney Dec. ¶ 4. Petitioner received his notice of rights on July 12, 2019. ECF No. 9-1 at 19. On the notice of discipline hearing form, the word "no" appears in the space that indicates that Petitioner did not want witnesses. Id. Petitioner initialed this line. Id. There are no witnesses named or described in the space of the form for listing witnesses. Id. Petitioner does not appear to dispute this but argues that he asked DHO Delaney to have witnesses right before his hearing commenced. ECF No. 1-5 at 1-2. "[B]efore I could even finish my statement I was abruptly

---

[4] The Court presumes the "2020" date is an error and Mr. Vallencilla intended to refer to July 10, 2019.

9

interrupted and was told abruptly that I could only say guilty or not guilty, no witnesses were going to be called, and take it up on appeal." Id. at 2.[5]

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. Here, the documented record contradicts Petitioner's assertion that he requested Mr. Vallencilla to be a witness in his hearing. Petitioner "did not list, request, or attempt to describe any witnesses in the paperwork he filled out prior to the hearing. In fact, he affirmatively waived the right to call witnesses." Drabovskiy v. Allenwood, 597 F. App'x 47, 49 (3d Cir. 2015) (per curiam). DHO Delaney asserts that the language referencing the evidence provided by Petitioner's witnesses was included in error: "It appears that the entire paragraph is a

---

[5] Petitioner did not argue in his administrative appeals that he wanted to call a witness and was denied the opportunity. He instead argued that the inconsistency in DHO Delaney's statement of reasons required expungement of his sanctions: "If the DHO's findings are based on inaccurate witness testimony – and no witnesses are officially documented, this causes a discrepancy." ECF No. 9-1 at 10.

10

typographical error and was likely left in the report from a previous DHO report. Records, and the Petitioner's own Petition, support that he did not call witnesses, and I did not consider witness testimony at this hearing." Delaney Dec. ¶ 5. Petitioner was not deprived of due process if DHO Delaney made an error in copying and pasting language into his report. See Millhouse v. Warden Lewisburg USP, 785 F. App'x 931, 935 (3d Cir. 2019) (concluding error in petitioner's name did not violate due process).

Moreover, Petitioner would not be entitled to habeas relief even if he did ask for Mr. Vallencilla to testify on his behalf. DHO Delaney stated that Mr. Vallencilla would not have been able to provide exculpatory evidence:

> Petitioner produced the cell phone while placed in the institution's Dry Cell. The Dry Cell is a cell in the Health Services building where an inmate is monitored continuously by a staff member after he is suspected of concealing contraband inside his person. No other inmates are present in the dry cell; therefore, Vallencilla could not provide exculpatory evidence regarding Petitioner's actions while on dry cell.

Delaney Dec. ¶ 4. Even if the Court accepts that Petitioner requested Mr. Vallencilla's testimony at his hearing, Mr. Vallencilla at most could have testified that he never saw Petitioner with a phone and that Petitioner was not taken to the dry cell on July 10, 2019. ECF No. 1-1. He could not provide any testimony as to what happened to Petitioner once Petitioner

entered the dry cell. "Prison officials have broad discretion in administering a disciplinary hearing, and it is not a denial of due process to deny an inmate an opportunity to present witnesses 'whose testimony would be irrelevant, repetitive, or unnecessary.'" Moles v. Holt, 221 F. App'x 92, 95 (3d Cir. 2007) (quoting Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002)). DHO Delaney's conclusion that Mr. Vallencilla would not have been permitted to testify because his testimony was irrelevant does not deprive Petitioner of due process. Delaney Dec. ¶ 4.

Petitioner asserts Mr. Vallencilla was crucial to his defense because he would have been able to testify that Petitioner was not taken to the dry cell on the day stated in the incident report and DHO report, July 10, 2019. "The DHO and the Government are trying to obfuscate the fact that Mr. Herrera-Peralta had a witness which states that on the date the incident occurred he was never taken to the 'Dry Cell'. The alleged incident occurred on July 9, 2019, not July 10, 2019 as the DHO report states." ECF No. 11 at 2. Notably, Petitioner does not seem to deny that a scan showed a foreign object inside his body, that he was taken to a dry cell, or that that he produced a cell phone from his body. He only denies this happened on July 10, 2019 despite all of the documentation

12

including the body scan report, ECF No. 9-1 at 27,[6] bearing the July 10, 2019 date. The Court need not conduct a hearing to determine which date is correct because it is ultimately irrelevant.

Assuming that Petitioner is correct and the incident actually happened on July 9, 2019, the errors in the reports did not deprive Petitioner of due process. Petitioner received notice of the charges against him more than 24 hours before his hearing as required by Wolff. The Court can envision a situation in which the description of an incident is too vague or remote in time such that an error in the date would fail to put the prisoner on notice of the charges against him, but this is not that case. Petitioner clearly understood the incident to which the incident report referred to, stating at his hearing that "'I wanted to point out that Tuesday is the wrong day but correct date of 7-10-19 on incident report.'" ECF No. 9-1 at 23.[7] Since Petitioner had sufficient notice of the hearing's substance, there was no due process violation in the alleged error in the date. See Millhouse v. Warden Lewisburg USP, 785

---

[6] A version of this report with clearer images has been filed under seal to protect Petitioner's privacy. ECF No. 14.

[7] Petitioner does not explain why he asserted July 10, 2019 was the correct date at his hearing but changed this contention to July 9, 2019 on appeal. Compare ECF No. 9-1 at 23, with ECF No. 9-1 at 10.

13

F. App'x 931, 935 (3d Cir. 2019) ("We agree with the District Court's conclusion that no due process violation arose from the first name error contained in the description of the incident."); Dorsey v. Ortiz, No. 20-3535, 2021 WL 1171894, at *6 (D.N.J. Mar. 29, 2021) (finding that listing the wrong institution name did not violate due process because "[t]he incident report left no question of where the alleged incident occurred"); Wyckoff v. White, No. 1:20-CV-642, 2020 WL 3265465, at *4 (M.D. Pa. June 17, 2020) ("Nothing in the record, however, supports Petitioner's assertion that this is anything more than a typographical error, and a typographical error in the reports is not the foundation of a due process violation contemplated by Wolff." (internal quotation marks omitted)).

In summary, the Court concludes the record definitively contradicts Petitioner's assertion that he requested witnesses at his hearing. Alternatively, Petitioner was not prejudiced by any failure to allow Mr. Vallencilla's testimony. Mr. Vallencilla could not testify as to what took place within the dry cell, and the dispute over the date of the incident is irrelevant.

C. Some Evidence

Petitioner also alleges that the BOP tampered with the evidence. "If the report can be manipulated so easily including dates, time, photographs, and witness testimony then the report

14

and the entire process is tainted and should be disregarded." ECF No. 11 at 6. He asserts DHO Delaney made "arbitrary and capriciously false and misleading and altered statements as to the cell phone, which was never provided to the Petitioner . . . ." Id. at 7. "No picture of the hazardous tool was ever presented to the Petitioner at any time. The only evidence presented to Petitioner were two different descriptions of a hazardous tool." Id. at 8. The Court interprets this as a challenge to the sufficiency of the evidence against Petitioner.

The "revocation of good time does not comport with 'the minimum requirements of procedural due process,' unless the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (quoting Wolff, 418 U.S. at 558). The Court's function in reviewing a disciplinary proceeding is not to decide whether it would have reached the same decision, but to consider "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. See also Denny v. Schultz, 708 F.3d 140, 145 (3d Cir. 2013) ("[A] reviewing court need only find that the DHO's decision had 'some basis in fact' in order to affirm the decision as comporting with the Due Process Clause."). This review is minimal, and "[a] challenge to the weight accorded evidence is not relevant to the question of

15

whether the decision was supported by 'some evidence' because the standard does not require 'weighing of the evidence.'" McCarthy v. Warden Lewisburg USP, 631 F. App'x 84, 86–87 (3d Cir. 2015) (per curiam) (quoting Hill, 472 U.S. at 455). "Once the reviewing court determines that there is some evidence in the record to support the finding of the hearing officer, an inmate's challenge to the weighing of the evidence must be rejected." Cardona v. Lewisburg, 551 F. App'x 633, 637 (3d Cir. 2014) (per curiam).

After reviewing the record and the parties' submissions, the Court finds that there was "some evidence" to support the charge of possession of a hazardous tool. The body scanner report dated July 10, 2019 indicates: "The body image indicated there was a foreign item inside the inmate's rectum. Inmate Herrera stated he was in possession of a mini cell phone which was hidden inside his rectum." ECF No. 9-1 at 27. Officer Guerrero reported he supervised Petitioner in the west dry cell when Petitioner produced a cell phone following a bowel movement. Id. at 15. The chain of custody log indicates a black cell phone was recovered from the west dry cell on July 10, 2019. Id. at 29. This is "some evidence" to support the disciplinary sanction; therefore, Petitioner's habeas petition shall be denied.

IV. CONCLUSION

For the foregoing reasons, the Court will grant Petitioner's motion for an extension of time.  ECF No. 10.  The Court will deny the § 2241 habeas petition.  An appropriate Order will be entered.


Dated: June 1, 2021				s/ Noel L. Hillman
At Camden, New Jersey			NOEL L. HILLMAN, U.S.D.J.